LARA R. SHAPIRO (State Bar No. 227194)
4145 Via Marina # 324
Marina del Rey, CA 90292
Telephone: (310) 577-0870
Facsimile: (424) 228-5351

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Cheryl Jackson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 10 1499

| | |
|---|---|
| Cheryl Jackson,<br><br>  Plaintiff,<br><br>vs.<br><br>Midland Credit Management, Inc.; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Cheryl Jackson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Cheryl Jackson (hereafter "Plaintiff"), is an adult individual residing in Antioch, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Midland Credit Management, Inc. (hereafter "Midland"), is a company with an address of 8875 Aero Drive, San Diego, California, 92123 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Midland and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Midland at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

8. The Plaintiff incurred a financial obligation in the approximate amount of $400.00 (the "Debt") to a creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Midland for collection, or Midland was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.   Midland Engages in Harassment and Abusive Tactics**

12. Midland called the Plaintiff up to five (5) times per day.

13. Midland calls the Plaintiff between the hours of 9:00 PM and 8:00 AM.

14. The Plaintiff sent a letter to Midland requesting they stop calling her as she has young children and does not want them to be disturbed.

15. Midland continued to call the Plaintiff.

16. The Plaintiff told Midland that she is represented by an attorney and for Midland to stop calling her and direct their calls to her attorney.

17. Midland continued to call the Plaintiff.

18. Midland is adding fees and interest to the Debt in violation of the original Debt agreement.

19. Midland is attempting to collect $2,400.00 from the Plaintiff when the original Debt was only $400.00.

**C.    Plaintiff Suffered Actual Damages**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

25. The Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1).

26. The Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

27. The Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

28. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

29. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

34. Midland, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

35. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

36. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

37. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

38. The Defendants falsely represented that the Plaintiff's debt would be increased by the addition of attorney's fees, investigation fees, service fees, finance charges or other charges, when the charges could not be legally added to the debt, in violation of Cal. Civ. Code § 1788.13(e).

39. The Defendants attempted to collect from the Plaintiff the debt collector's fees and charges for service, in violation of Cal. Civ. Code § 1788.13(b).

40. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

41. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

**1**      B. Statutory damages of $1,000.00 pursuant to 15 U.S.C.

**2**         §1692k(a)(2)(A) against the Defendants;

**3**

**4**      C. Costs of litigation and reasonable attorney's fees pursuant to

**5**         15 U.S.C. § 1692k(a)(3) against the Defendants;

**6**      D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

**7**

**8**      E. Statutory damages of $1,000.00 per violation for knowingly and

**9**         willfully committing violations pursuant to Cal. Civ. Code

**10**        § 1788.30(b);

**11**

**12**      F. Actual damages from the Defendants for the all damages including

**13**         emotional distress suffered as a result of the intentional, reckless,

**14**         and/or negligent FDCPA violations and intentional, reckless, and/or

**15**

**16**         negligent invasions of privacy in an amount to be determined at trial

**17**         for the Plaintiff;

**18**      G. Punitive damages; and

**19**

**20**      H. Such other and further relief as may be just and proper.

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**

7

COMPLAINT FOR DAMAGES

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: April 8, 2010                    LARA SHAPIRO


By: __/s/  *Lara R. Shapiro*__
Lara R. Shapiro

Attorney for Plaintiff
Cheryl Jackson

COMPLAINT FOR DAMAGES