UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Oakland Division

| | |
|---|---|
| Jackson, | No. CV10-01499 LB |
| Plaintiff, | |
| v. | **CASE MANAGEMENT AND PRETRIAL ORDER (JURY)** |
| Midland Credit Management, Inc., | |
| Defendant. | |
| _____/ | |

Following the Case Management Conference held on July 15, 2010, the Court **HEREBY ORDERS** the following:

**I. GENERALLY APPLICABLE RULES**

Parties shall comply with the procedures in the Federal Rules of Civil Procedure, the local rules, the general orders, Judge Beeler's standing order, and the Northern District's general standing order for civil cases titled "Contents of Joint Case Management Statement." Local rules, general orders, general standing orders, and a summary of the general orders' electronic filing requirements (including the procedures for emailing proposed orders to chambers) are available at http://www.cand.uscourts.gov (click "Rules" or "ECF-PACER").

**II. CASE MANAGEMENT AND TRIAL DATES**

All hearings shall be held in Courtroom 4, 3rd Floor, U.S. District Court, 1301 Clay Street, Oakland, California. The following are the disclosure, filing, and hearing dates for the case:

CASE MANAGEMENT AND PRETRIAL ORDER
CV10-01499 LB

| Case Event | Filing Date/Disclosure Deadline/Hearing Date |
|---|---|
| Date to seek leave to add new parties or amend the pleadings | 8/16/2010 |
| Updated Joint Case Management Conference Statement | 10/7/2010 |
| Further Case Management Conference | 10/14/2010 at 1:30 p.m. |
| ADR completion date | 10/14/2010 |
| Non-expert discovery completion date | 11/8/2010 |
| Expert disclosures required by Federal Rules of Civil Procedure | 12/8/2010 |
| Rebuttal expert disclosures | 1/10/2011 |
| Expert discovery completion date | 1/31/2011 |
| Last hearing date for dispositive motions | 1/6/2011, at 11:00 a.m. |
| Meet and confer re pretrial filings | 3/8/2011 |
| Pretrial filings due | 3/17/2011 |
| Oppositions, Objections, Exhibits, and Depo Designations due | 3/24/2011 |
| Final Pretrial Conference | 4/7/2011, at 1:30 p.m. |
| Trial | 4/18/2011, at 8:30 a.m. |
| Length of Trial | 2 days |

## II. ALTERNATIVE DISPUTE RESOLUTION

The parties agree to participate in mediation with the Court's Alternative Dispute Resolution program to occur by the date specified in the above chart if possible. The parties shall notify the Court promptly if the case resolves.

## III. DISCOVERY PROCEDURES

A.  The parties shall comply with the procedures regarding discovery and discovery disputes in Judge Beeler's standing order.

B.  Each side shall be limited to ten depositions and twenty-five interrogatories, as provided by Federal Rules of Civil Procedure 30 and 33, absent a further court order.

C.  If the ADR specified in the previous section is being conducted before the discovery cut-off deadline, counsel must meet and confer in person or by telephone no later than 21 days before the ADR and **before** preparing any exchanged or confidential settlement statements required by the

CASE MANAGEMENT AND PRETRIAL ORDER
CV10-01499 LB                           2

ADR process. The purpose of the meeting is to identify and exchange whatever discovery is needed for all sides to evaluate the case for settlement. Counsel shall cooperate in providing discovery informally and expeditiously before ADR.

[include if appropriate:] In addition, before the parties participate in the ADR specified in the previous section, each party shall be limited to three depositions each absent stipulation or a further order of the Court.

## IV. MOTIONS

The parties shall file any motions, oppositions, and reply briefs on the schedule set forth in Civil L. R. 7. The parties also shall file the procedures in Judge Beeler's standing order regarding statements of fact in summary judgment motions.

## V. PRETRIAL FILINGS AND PROCEDURES

**A. 21 Days Before Final Pretrial Conference.** The exact date is in the chart above. The parties shall file the following:

    **1. Joint Proposed Final Pretrial Order** (in lieu of a joint pretrial conference statement). The order must contain the following:

        (a) a brief description of the claims and defenses to be decided;

        (b) a statement of the relief sought;

        (c) all undisputed facts;

        (d) all disputed fact issues organized by count;

        (e) each disputed legal issue with citations but without extended argument;

        (f) the parties' stipulations;

        (g) the parties' estimates of total trial time; and

        (h) the status of settlement negotiations and whether further negotiations might be productive.

The proposed order should specify which issues are for the Court to decide instead of the jury. The parties should append the following to the proposed order: (a) the parties' specific, signed stipulations in a form that can be introduced as evidence at trial; (b) a joint exhibit list with columns for exhibit number, offered into evidence, admitted into evidence, sponsoring witness, limits on use, and description and bates range (*see* section V.C regarding numbering and organization of exhibits);

1  and (c) each party's separate witness list for case-in-chief witnesses (including those appearing by
2  deposition) summarizing their testimony, specifying separately their non-cumulative testimony, and
3  providing an hour-and-minute time estimate.  Experts and witnesses not included in the witness list
4  may not be used in a party's case-in-chief.

5  **2. Joint Proposed Jury Instructions.**  The instructions shall include a table of contents
6  and be arranged in a logical numerical sequence.  The instructions should not include -- and need
7  only list by instruction number -- any unmodified preliminary, general, or concluding model jury
8  instructions from the *Ninth Circuit Manual of Model Civil Jury Instructions* (2007) (available at
9  http://www.ce9.uscourts.gov).  The instructions must include any modified instructions (with the
10 modifications clearly identified) and all case-specific instructions on substantive issues of law from
11 the *Ninth Circuit Manual*, *California Civil Jury Instructions (CACI)*, or other applicable instructions.
12 The parties shall include a short statement of the case to be read to the jury during voir dire as part of
13 the preliminary instructions.  Undisputed instructions must be identified as, e.g., "Stipulated
14 Instruction No. ____: [*Instruction Title*]."  Disputed instructions must be identified as "[*Party's
15 Name*]'s Disputed Instruction No. ____: [*Instruction Title*]."  The parties' different versions of
16 disputed instructions shall bear the same instruction number and be filed together in their logical
17 place in the jury instructions.  All instructions -- disputed or undisputed -- shall be supported by
18 citation (including pin cites) in the format used by the *Ninth Circuit Manual*.

19 **3. Separate Memoranda on Disputed Jury Instructions.**  Each party should file a
20 memorandum of law -- organized by instruction number -- regarding disputed jury instructions.

21 **4. Motions In Limine.**  Each motion shall be in a separate memorandum entitled
22 "[*Party's Name*]'s Motion in Limine [*#*] to Exclude [*Subject*]," be limited to circumstances requiring
23 advance ruling, and be no longer than seven pages absent leave of court.  Usually five motions in
24 limine are sufficient.

25

26 **5. Trial Briefs On Any Issues of Law.**
27 **6. Joint Voir Dire Questions Supplemented With Separate Requests.**
28 **7. Joint Proposed Verdict Form** or separate verdict forms if a joint form is not possible.

CASE MANAGEMENT AND PRETRIAL ORDER
CV10-01499 LB                                          4

**United States District Court**
For the Northern District of California

**8. Copies of Federal Rule of Civil Procedure 26(a)(3) Disclosures.** *See* Section V.D for procedures regarding designation of depositions. By designating an exhibit, a party generally waives any objection to it if offered by the other side absent clearly available objections (such as objections under Rules 402 and 403 or admissions by party opponents that would be inadmissible hearsay if offered by the party opponent).

**9. Wordperfect or Word Versions Emailed To Chambers.** In addition to e-filing and lodging paper copies of all filings, *see* Judge Beeler's standing order, counsel shall email the joint proposed order, the jury instructions, and the verdict form in Wordperfect or Word to lbpo@cand.uscourts.gov.

**B. 14 Days Before Pretrial Conference.** The exact date is in the chart above. The parties shall file the following:

**1. Oppositions to Motions In Limine.** Each opposition shall be in a separate memorandum entitled "[*Party's Name*]'s Opposition to Motion in Limine [*#*] to Exclude [*Subject*]," link electronically to the prior e-filed motion in limine, and be no longer than seven pages absent leave of court.

**2. Objections to Exhibits and Use of Depositions** as set forth in Federal Rule of Civil Procedure 26(a)(3)(B). Objections not raised are waived.

**3. Lodge Joint Set of Trial Exhibits with Deputy Clerk.** The parties must prepare a *joint, single* set of all trial exhibits. *See* V.C (regarding exhibit numbering and organization). The exhibits shall be in three-ring binders, and each exhibit must be tagged and separated by a label divider identifying the exhibit number. Spine labels should identify the exhibits in a particular binder. The exhibit binders should be marked ""Original" and will be the official record both at trial with the witnesses and on appeal. Lodge the exhibits with the deputy clerk, Lashanda Scott.

**4. Lodge Second "Chambers Copy" of Joint Set of Trial Exhibits.** The parties shall lodge (not file) a second "chambers copy" of the binders of trial exhibits referenced in the preceding paragraph. Those binders should be marked "Chambers Copy."

**5. Copies of Deposition Designations For Witnesses Appearing Only By Designation.** *See* V.D (transcript designation procedures and process for filing copy with the Court).

**6. Copies of Designation of Interrogatories and Admissions.** *See* V.E (procedures and process for filing copy with the Court).

### C. Exhibit Numbering and Organization

**1. Meet and Confer Re Exhibit Numbers.** Before submitting exhibit lists and binders, counsel must meet and confer to establish usable numbering conventions and eliminate duplicate exhibits. Use numbers only, not letters, and if possible, exhibit numbers should be the same numbers used in depositions. Otherwise, the deposition transcript must be conformed to the new exhibit number to avoid jury confusion and to ensure that every exhibit has a unique number. Blocks of numbers should be assigned to fit the needs of the case: *e.g.,* Plaintiff has 1 to 99, Defendant A has 100 to 199, Defendant B has 200 to 299, *et cetera.* All exhibits should be marked "Trial Exhibit No. __," not Plaintiff's Exhibit or Defendant's Exhibit.

**2. Exhibit Tags and Binders.** The exhibit tag shall be in the following form:

```
         UNITED STATES DISTRICT COURT
        NORTHERN DISTRICT OF CALIFORNIA

              TRIAL EXHIBIT 100

         Case No. _____

         Date Entered _____

         By_____
                 Deputy Clerk
```

The tag should be on or near the lower right-hand corner if possible and on the back if it is not. Counsel should fill in the tag but leave the last two spaces blank.

### D. Deposition Designation For Witnesses Appearing By Deposition.
These procedures apply only to deposition designation for witnesses who appear by deposition and do not apply to reading depositions of live witnesses into the record while the witnesses are testifying.

**1. Designating Counsel.** To designate deposition testimony, counsel shall photocopy the cover page, the page where the witness is sworn, and each page with any proffered testimony (with lines through testimony not proffered). Counsel shall put lines through objections or colloquy unless they are needed to understand the question. Any corrections (including conforming exhibit numbers to trial exhibit numbers) shall be done by hand. The finished packet should be the script that allows smooth presentation of the witness, the oath, and the testimony. The packet must be provided to the other parties at least 30 days before the pretrial conference. For voluminous designations, the Court requires advance notice by designating counsel because more lead time is required. Counsel must be reasonable.

**2. Reviewing Counsel.** Reviewing parties must promptly review the packet and highlight in yellow any passages objected to and write in the margin the legal basis for the objections. If a completeness objection is made, the objecting party must insert the additional passages needed to cure the completeness objection. A completeness objection generally should be made only if a few extra lines will cure the problem. Such additions shall be highlighted in blue, and an explanation for the inclusion shall be legibly handwritten in the margin. Counsel must line out any irrelevant portions of the additional pages. Reviewing counsel must return the packets to the proffering party to consider whether to accept the adjustments.

**3. Counsel To Meet And Confer Re Adjustments.** Counsel must meet and confer to address reviewing counsel's comments and any other issues.

**4. Designating Counsel To Assemble Final Packet.** Counsel for the proffering party must collate and assemble a final packet that covers all remaining issues and provide it to the Court 14 days before the pretrial conference (as required by section V.B.5). Any objections must be highlighted and annotated as described in the preceding paragraphs. If exhibits are needed to resolve the objections, designating counsel should include copies, with the relevant passages highlighted and tagged. The Court will read the packet and make its rulings in the margins in a distinctive manner.

**5. Counter-Designations.** The reviewing party must make any counter-designations by providing a packet with the counter-designated passages to the original designating counsel at the

same time as the reviewing party returns its objections to designating counsel.  The original designating counsel must supply any objections in the manner described in this section.

**6. Video Depositions.**  The parties shall follow the same procedures to facilitate ruling on objections.  The videos should omit dead time and objections and colloquy not necessary to understand the answers.

**E. Requests For Admissions And Interrogatories.**  Please designate responses to requests for admissions and interrogatory answers in the same manner and under the same timetable as deposition designations.

## VI. PRETRIAL CONFERENCE

Lead counsel for each party shall attend.

## VII. PRETRIAL ARRANGEMENTS

**A. Daily or Real-Time Reporting.**  Please make arrangements ten days before the trial date with Odile Hansen, Supervisor of the Court Reporting Services, at 510-637-3534

**B. Electronic Presentation of Evidence.**  The Court provides no equipment other than an easel.  If counsel will use electronic equipment such as computers, projectors, and screens, the parties should share equipment to the extent possible.  Extension cords should be taped to the carpet for safety.  The United States Marshal requires a court order to allow equipment into the courthouse.  Please work with Lashanda Scott (510-637-3525) on all courtroom layout issues.

## VIII. TRIAL AND TRIAL PROCEDURES

**A. Schedule.**  The trial day is 8:30 a.m. to 1:30 p.m. (or slightly longer to finish a witness) with two fifteen-minute breaks, Monday through Friday.  Counsel should arrive at 8:15 a.m. or earlier if any matters must be addressed outside of the jury's presence.

**B. Jury Selection.**  There are no alternate jurors in civil cases, and the jury will be selected as follows.

The attached questionnaire will be given to the potential jurors, and copies of the responses will be given to counsel at the beginning of voir dire.

The Court's jury selection procedures vary depending on the size of the ultimate jury. Assuming a final jury of 8 and 6 peremptory challenges, the Court will call eighteen jurors to fill the

jury box and a row in front of the bar. The jurors will be given numbers 1 through 18. The remaining jurors will be seated in the public benches. The Court will generally consider hardship excuses at this point. The Court then will question the 18 jurors and will allow counsel limited voir dire. The Court will address challenges for cause outside of the jurors' presence, determine whether to fill any empty seats, and if so, question the new jurors and consider any additional challenges for cause. After a short recess, each side will exercise its peremptory challenges out of the presence of the jurors. Of the remaining jurors, the eight (or other number of ) jurors with the lowest numbers will be the final jury.

The Court will adjust the starting numbers depending on the number of jurors to be seated and the number of peremptory challenges allowed. Also, the Court may alter these procedures in its discretion.

Once the jury is selected, the jurors' names will be read, and they will be seated in the jury box and sworn.

**C. Jury Notetaking.** Jurors may take notes. Note pads will be distributed at the beginning of each trial and collected at the end of the day and locked in the jury room. The Court will instruct the jury on the use of notes in its preliminary and final jury instructions.

**D. Time Limits.** Ordinarily, the Court sets time limits for opening statements, witness examinations (direct, cross, or re-direct), and closing arguments at the final pretrial conference. All of your examination time for all witnesses must fit within your witness time limits. The time taken at a side bar or on objections will be charged to the examining party unless otherwise ordered**.**

**E. Opening Statements.** Counsel must meet and confer about, and exchange, any visuals, graphics, or exhibits to be used in the opening statements, allowing for time to work out objections and any reasonable revisions. Opening statements begin after the jury is sworn.

**F. Advance Notice of Witness Order of Proof.** By 2 p.m., counsel must give written notice of the order of witnesses for the next court day and the exhibits (including merely illustrative exhibits) to be used on direct examination (other than for true impeachment of a witness). The Court encourages two days' notice. If two days' notice is given, then by 2 p.m. on the calendar day immediately preceding the testimony, opposing counsel must provide any objections to the exhibits

1 and shall provide a list of all exhibits to be used with the same witness on cross-examination (other
2 than for impeachment).

3 **G. Witness Examinations.** Generally there should be only one examining lawyer per witness
4 per party, and the examining lawyer must make any objections to the opposing counsel's
5 examination. The parties shall have witnesses ready to testify so that trial gaps are avoided. Gaps
6 may be construed as resting one's case. In cases with multiple parties, counsel must coordinate
7 cross-examination to avoid duplication of testimony. When multiple parties are on one side, only
8 one counsel may cover a subject matter.

9 **H. Expert Testimony.** Direct expert testimony is limited to matters disclosed in the expert's
10 reports. Omitted material ordinarily may not be added on direct examination. Illustrative
11 animations, diagrams, charts, and models may be used on direct examination only if they were
12 part of the expert report, except that an expert may use simple drawings (such as those drawn by the
13 witness at trial) that plainly illustrate a report's contents. If cross-examination fairly opens the door,
14 however, an expert may go beyond the written report on cross-examination and/or re-direct
15 examination. By written stipulation, all parties may relax these requirements. As to damages
16 studies, the cut-off for *past damages* is the date of the expert report (or an earlier date selected or
17 used by the expert). Experts may project *future damages* after this cut-off date if they can meet
18 substantive standards for future damages. With timely leave of Court or by written stipulation, the
19 experts may update their reports (or provide supplemental reports) to a date closer to the time of
20 trial.

21 **I. Use of Depositions To Impeach A Trial Witness.** The following procedures apply.

22 1. On the first day of trial, counsel shall bring the original and clean copies of the
23 depositions to be used at trial. If counsel might use a deposition against a witness, counsel shall
24 provide the Court with a copy at the outset of the examination. Opposing counsel should have
25 copies of witness depositions immediately available.

26 2. Counsel should seek permission from the Court before reading a passage into the
27 record. For example, counsel should state, "I wish to read page 210, lines 1 to 10,から the witness's
28 deposition." Counsel should pause briefly to allow any objection.

CASE MANAGEMENT AND PRETRIAL ORDER
CV10-01499 LB                                              10

3. The first time counsel reads a deposition, counsel should state the deponent's name, the name of the lawyer asking the question, and whether the deposition was a Federal Rule of Civil Procedure 30(b)(6) deposition. The first time a deposition is read, the Court will instruct the jury about depositions.

4. When reading the passage, counsel shall employ the following technique. Counsel shall state,"question" and then read the question exactly, and then state, "answer" and read the answer exactly. This will allow the jury and court reporter to follow who said what at the deposition. Opposing counsel may ask to read additional testimony necessary to complete the context. It is not necessary to ask, "didn't you say XYZ in your deposition" to lay a foundation.

**J. Use of Depositions of Party-Deponents.** Subject to Rule 403, a party's depositions may be used for "any purpose" and may be read into the record whether or not they contradict (and regardless of who is on the stand). For example, a short party deposition excerpt may be used as foundation for questions for a different witness on the stand.

**K. Use of Depositions For Witnesses Appearing Only By Deposition.** When the packet (*see* V.D for procedures to assemble deposition packets) is read to the jury, the examiner shall read the questions (and any relevant colloquy) from the lectern while a colleague sits in the witness stand and reads the answers. While reading the deposition, the reader and "witness" shall refrain from undue emphasis or dramatization. If a read-in is short, a single attorney can read it all, being careful to say "question" and "answer" for the court reporter's and jury's comprehension. Exhibits may be projected onto the screen as they are referenced. Court reporters do not transcribe video excerpts so counsel must file an exact copy of what was shown.

**L. Exhibits.** The parties must obtain prior permission from the Court for jury notebooks. At the end of each day, counsel must confer with each other and with the deputy clerk to confirm what exhibits are in evidence and any limitations on their use. Counsel should bring any differences to the Court's attention. Similarly, before closing argument, counsel must confer with each other and the deputy clerk to finalize the exhibits and prepare any final exhibit list. That list may include a brief non-argumentative description of the exhibit to help the jury access the exhibits.

**M. Stipulations.** Counsel must read all stipulations to the jury for them to be part of the

CASE MANAGEMENT AND PRETRIAL ORDER
CV10-01499 LB                                                    11

1  record.

2  **N. Objections.**  Counsel shall stand when making objections, give only the legal basis
3  ("objection, calls for speculation" or "objection, hearsay"), and refrain from making speeches.

4  **O. Side Bar Conferences** are discouraged.  If matters must be discussed outside the jury's
5  presence, counsel should raise them at the beginning or end of the day or while the jury is on break.

6  **P. Charging Conference.**  Before the close of evidence, the Court will provide draft final jury
7  instructions to the parties and allow a reasonable time for review.  Thereafter, the Court will hold
8  one or more charging conferences to address objections, modifications, or additions to the
9  instructions.  The parties must renew any specific instruction request -- including those requested
10 pretrial -- at the conference or it will be deemed waived.  For example, if a party wants to request an
11 instruction that the Court omitted from its draft instructions, the party must re-request it at the
12 charging conference or the request will be deemed waived or abandoned.

13 **IT IS SO ORDERED**.

14 Dated: July 15, 2010

_____
LAUREL BEELER
United States Magistrate Judge

CASE MANAGEMENT AND PRETRIAL ORDER
CV10-01499 LB                                          12

# CONFIDENTIAL

# JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. Since we want to make copies for the attorneys and the Court, do not write on the back of any page. If you need more room, continue at the bottom or on the side of the page. Thank you for your cooperation.

1. Your name: _____
2. Your age: _____
3. City in which you reside: _____
4. Your place of birth: _____
5. Do you rent or own your own home? _____

6. Are you married or do you have a domestic partner?  ____Yes ____ No
7. Please list the occupation of your spouse or domestic partner. _____

8. If you are not married and do not have a domestic partner, are you (circle one, if applicable):

   single        separated            divorced            widowed

9. If you have children, please list their ages and sex and, if they are employed, please give their occupations.
   _____
   _____
   _____

10. What is your occupation and how long have you worked in it? (If you are retired, please describe your main occupation when you were working).
    _____

11. Who is (or was) your employer? _____

12. How long have you worked for this employer? _____

13. Please describe your education background:
    Highest grade completed: _____
    College and/or vocational schools you have attended:
    _____
    _____
    Major areas of study: _____

14. Have you ever had jury experience? _____ Number of times? ____

    If yes: State/County Court _____ Federal Court _____

    When? _____ Was it a civil or criminal case? _____

    Did any of the juries reach a verdict? _____ Yes _____ No